UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PIERRE RAYMOND,

        Petitioner,

v.

JERRY HOWELL, et al.,

        Respondents.

Case No. 2:20-cv-00849-APG-BNW

ORDER

Petitioner Pierre Raymond, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. On initial review under the Rules Governing Section 2254 Cases, the petition appeared to be subject to dismissal with prejudice because it was filed after the one-year filing deadline in 28 U.S.C. § 2244(d)(1) expired. I ordered Raymond to show cause in writing by September 1, 2020 why the petition should not be dismissed with prejudice as time-barred. Raymond was warned that failure to respond would result in dismissal of the petition with prejudice without further notice. He failed to respond or request an extension of time to do so and the deadline for response has long passed.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Raymond's conviction became final when the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States on August 22, 2017. The federal limitation period began running the following day. Raymond timely filed his state petition on February 14, 2018, tolling the AEDPA clock. As a result, 175 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 190 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state petition. Tolling ended on May 13, 2019, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 190 days later on November 20, 2019. The federal petition was mailed to this court on May 7, 2020. Absent another basis for tolling or delayed accrual, Raymond filed his petition over five-and-a-half months after the AEDPA limitation period expired.

To date, Raymond has not responded to the order to show cause. He has not alleged or established that his circumstances prevented him from filing a federal petition. He has not asserted an entitlement to equitable tolling and he has not argued that he is actually innocent. Accordingly, the petition, filed approximately five-and-a-half months after the expiration of the AEDPA limitation period, is untimely and must be dismissed.

I THEREFORE ORDER that petitioner Pierre Raymond's petition for writ of habeas corpus (ECF No. 1-1) is **DISMISSED with prejudice as untimely.**

I FURTHER ORDER that a certificate of appealability is denied as jurists of reason would not find dismissal of the petition to be debatable or wrong.

I FURTHER ORDER the Clerk of Court to ADD Nevada Attorney General Aaron D. Ford as counsel for the respondents and informally SERVE the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from the respondents other than to respond to any orders of a reviewing court.

I FURTHER ORDER the Clerk of the Court to enter final judgment dismissing this action with prejudice, and close this case.

Dated: May 10, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE